# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL J. BIBLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TYLER R. EDMONDS, and ) <br> J. JEREMY LLOYD, ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-cv–735-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Daniel J. Bible, presently detained at the Jackson County Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff asserts claims pertaining to his 2016 indictment in Union County, Illinois (Case No. 2016-TR-1284) for driving on a suspended license.[1] Plaintiff claims he was wrongfully detained for 35 days in connection with this case. Plaintiff names Tyler R. Edmonds (the Union County States Attorney that presented Plaintiff's case to the grand jury) and J. Jeremy Lloyd (the Union County public defender

---

[1] Plaintiff's present detention appears to be unrelated to the Union County case. According to the electronic docket for Case No. 2016-cr-1284, a plea of guilty was entered on August 11, 2016 to the charge of driving on a suspended license. Plaintiff was sentenced to 35 days in jail and given credit for time served.

1

assigned to Plaintiff's case). Plaintiff seeks monetary damages and asks this Court to review "every indictment that was issued on the day that the one for [Plaintiff] was re-assessed."[2]

This matter is now before the Court for preliminary review of the Complaint, pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

This action does not survive preliminary review under the above standard.

---

[2] Section 1983 does not provide a basis for this Court to review "every indictment that was issued" on a particular day in an Illinois circuit court. However, because the Complaint is subject to dismissal for other reasons, the Court need not delve further into this particular issue.

**The Complaint**

In July of 2016, Plaintiff was pulled over and arrested for driving on a suspended license. (Doc. 1, p. 5). Plaintiff posted bond and was released with a notice to appear. *Id.* When Plaintiff returned to court, he was immediately taken into custody. *Id.* Plaintiff was informed that the charge had been enhanced (by way of a grand jury indictment) to driving on a revoked license. *Id.* Plaintiff could not post bond and was detained in county jail for 35 days. *Id.* After 35 days, when Plaintiff returned to Court, he was released. *Id.* According to the Complaint, the enhanced indictment was a mistake – Plaintiff alleges his license was suspended, but not revoked. *Id.*

Plaintiff contends that Edmonds is subject to liability because he "convinced a grand jury to issue an indictment against [Plaintiff]. He assumed [Plaintiff's] drivers liscense [sic] was revoked, yet had no physical evidence." (Doc. 1, p. 1). Plaintiff contends that Lloyd, his public defender, is subject to liability because Plaintiff told Lloyd that his license had not been revoked and that the grand jury indictment was a mistake. (Doc. 1, p. 5). Lloyd did not believe Plaintiff and failed to identify the mistake for 35 days. *Id.*

**Discussion**

The Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1 –** Constitutional claim against Lloyd arising from the ineffective assistance of counsel in connection with Union County Case No. 2016-TR-1284.
>
> **Count 2 –** Constitutional claim against Edmonds for his conduct before the grand jury in Union County Case No. 2016-TR-1284.

**Count 1**

The Court need not evaluate Plaintiff's constitutional claim as to Lloyd. This is because, regardless of the constitutional basis for Plaintiff's claim, no recovery may be had against Lloyd. To state a civil rights claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Conversely, a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Id*. at 324-25. *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). While Plaintiff in the case at bar does not label his claim against Lloyd as a "legal malpractice" claim, the same principle applies here. Lloyd, as Plaintiff's court-appointed public defender, is not a state actor who is amenable to suit in a § 1983 civil rights case.

Accordingly, Plaintiff may not maintain any claim against Lloyd and Count 1 shall be dismissed with prejudice because it is legally frivolous.

**Count 2**

Plaintiff's Section 1983 claim against Edmonds also fails. Prosecutors enjoy absolute immunity from § 1983 claims that arise from their initiating and prosecuting the state's case against a defendant. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992) (stating that "prosecutors have been granted absolute immunity for their conduct in probable cause hearings,

... for their conduct before grand juries, and for the knowing use of false testimony and the deliberate suppression of exculpatory evidence at trial, [but that] [a] state prosecutor performing investigative or administrative functions, in contrast, may only assert a qualified immunity."). While immunity is an affirmative defense, and thus would not ordinarily arise unless raised by the defendant, 28 U.S.C. § 1915(e)(2)(B) dismissals permit the court to consider an affirmative defense when it is plain on the face of the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Because the prosecutor's immunity defense is obviously implicated by the Complaint, and Plaintiff's Section 1983 claim against Edmonds is solely in regards to Edmonds' conduct before the grand jury, dismissal is appropriate. Plaintiff alleges no facts that would indicate that the absolute immunity defense would not be a bar to a Section 1983 claim.

Therefore, Count 2 shall be dismissed with prejudice because it is legally frivolous.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice as legally frivolous because Lloyd is not a state actor and thus, is not amenable to suit under § 1983.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** with prejudice as legally frivolous because Edmonds has absolute immunity in connection with his conduct before a grand jury.

**IT IS FURTHER ORDERED** that the entire action is **DISMISSED** with prejudice as legally frivolous.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 17, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**